IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANTHONY GARRETT, | ) CASE NO. 1:10 CV 1241 |
| Petitioner, | ) JUDGE PATRICIA A.GAUGHAN |
| v. | ) MAGISTRATE JUDGE |
| | ) WILLIAM H. BAUGHMAN, JR. |
| MAGGIE BRADSHAW, Warden, | ) |
| Respondent. | ) **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the petition of Anthony Garrett for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Garrett is currently incarcerated at the Richland Correctional Institution serving a collective sentence of 14 years imposed by the Cuyahoga County Court of Common Pleas.[3] Garrett pled guilty to one count of involuntary manslaughter and one count of aggravated robbery.[4] After an appeal and remand for resentencing by the Eighth

---

[1] This matter was originally assigned to Judge Peter C. Economus and then randomly assigned to Magistrate Judge Benita Pearson pursuant to Local Rules 3.1 and 72.2. Under General Order 2010-35 the case was returned to Judge Solomon Oliver, Jr. Judge Patricia A. Gaughan was subsequently assigned to the case. Pursuant to General Order 2011-2, the case was randomly re-assigned to me on January 18, 2011, and referred to me by non-document order the same day.

[2] ECF # 1.

[3] ECF # 6-2 at 215.

[4] ECF # 6-2 at 148.

District Court of Appeals, the trial court resentenced Garrett to the prison term he currently serves.[5]

In his petition, Garrett raised three grounds for relief.[6] He later withdrew two grounds in his traverse.[7] The State asserts that Garrett is not entitled to the writ on the merits of his remaining ground.

For the reasons that follow, I recommend that his sole remaining claim be denied on its merits.

## Facts

**A.     Underlying offense, trial, and sentencing**

The facts found by the Ohio appeals court on its second review of Garrett's case provide the most complete history of Garrett's legal itinerancy.[8] Garrett was indicted on two counts of murder and two counts of aggravated robbery in November 2004,[9] stemming from his role as a lookout in a robbery attempt in which a victim was killed.[10] Garrett pleaded guilty to two amended counts: one count of involuntary manslaughter with a one-year

---

[5] ECF # 6-2 at 215.

[6] ECF # 1 at 5.

[7] ECF # 8 at 1.

[8] Facts found by the state appeals court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

[9] ECF # 6-2 at 235.

[10] ECF # 6-3 at 43.

firearm specification and one count of aggravated robbery without a firearm specification.[11] The remaining counts were nolled.[12] Garrett was sentenced to seven years for involuntary manslaughter, with one year for the firearm specification to be served consecutively, and to seven years for the aggravated robbery, to be served consecutively, for a 15-year total sentence.[13]

**B.     First appeal**

*1.     Court of Appeals*

Garrett timely appealed with the same counsel.[14] In his brief,[15] Garrett raised the following four assignments of error:

1.     The Trial Court Failed to Fully Comply With Crim.R. 11 Rendering Appellant's Guilty Plea Involuntary And Contrary to Due Process Of Law.[16]

2.     The Trial Court Failed To Comply With R.C. 2929.12(E)(4) In Imposing Consecutive Sentences.[17]

---

[11] ECF # 6-2 at 235.

[12] *Id.*

[13] *Id.*

[14] Garrett was represented by Jerome Emoff, ECF # 6-2 at 31.

[15] ECF # 6-2 at 34.

[16] *Id.*

[17] *Id.*

    3.      Appellant Cannot Be Sentenced To Consecutive Terms Of Incarceration When One Offense Constitutes The Predicate Or Underlying Offense For The Other.[18]

    4.      Appellant's Nonminimum Sentence Based Upon Judicial Factfinding Violates His Rights As Guaranteed by the Sixth Amendment.[19]

The State filed a brief in response.[20] Garrett did not claim that his counsel rendered ineffective assistance.[21]

The court of appeals found Garrett's first[22] and third assignments of error without merit.[23] The court, however, found merit in Garrett's second and fourth assignments of error and remanded for resentencing under *State v. Foster*.[24]

---

[18] *Id.*

[19] *Id.*

[20] ECF # 6-2 at 63.

[21] *Id.* at 150; under *State v. Cole*, 2 Ohio St. 3d 112, 443 N.E.2d. 169 (1982), Garrett's right to appeal on the issue of ineffective assistance of counsel would be preserved at least this far, but he never raised the issue at any point in his appeals.

[22] *Id.* at 152.

[23] *Id.* at 154.

[24] *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470 (2006); *Id.* at 153, 154.

## 2. *The Supreme Court of Ohio*

Garrett, through new counsel,[25] timely appealed to the Supreme Court of Ohio.[26] The Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.[27]

## C. Resentencing

On remand, Garrett was sentenced to 14 years in prison, consisting of seven years for involuntary manslaughter to be served consecutively to one year on the firearm specification, and six years for aggravated robbery, to be served consecutively to the involuntary manslaughter sentence.[28]

## D. Second appeal

## 1. *Court of Appeals*

With new counsel, Garrett appealed his new sentence.[29] He specifically raised the following assignments of error:

---

[25] Garrett was represented by John Martin on this appeal.

[26] ECF # 6-2 at 157. Garrett's notice of appeal with the Ohio Supreme Court was filed on September 21, 2006. To be timely under Ohio Supreme Court Rule of Practice 2.2(A)(1)(a), a notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought.

[27] *Id.* at 159.

[28] *Id.* at 235.

[29] *Id.* at 179; Garrett was represented by Britta Barthol on this appeal.

1. The trial court erred by imposing non-minimum and consecutive sentences in violation of the Due Process and Ex Post Facto Clauses of the United States Constitution.[30]

2. The trial court failed to make a finding that the appellant's sentence is consistent with similarly situated offenders.[31]

3. The trial [court] erred in imposing separate sentences for involuntary manslaughter and the underlying felony, aggravated robbery.[32]

The court of appeals overruled each of Garrett's assignments of error.[33]

## *2.  The Supreme Court of Ohio*

Garrett again appealed to the Ohio Supreme Court, with the same counsel he used on his first appeal to the state's highest court.[34] In his memorandum of jurisdiction, Garrett brought the following propositions of law:

1. Under R.C. 2941.25, the offense of involuntary manslaughter is allied with the underlying felony or misdemeanor whose commission was the proximate cause of the death of another or the termination of another's pregnancy.

2. Because the remedy mandated by *State v. Foster*, 109 Ohio St. 3d. 1, 2006-Ohio-856, cannot be applied retroactively, persons whose felony offenses were committed prior to February 27, 2006 must be sentenced to minimum and concurrent terms of imprisonment.

---

[30] *Id.* at 182.

[31] *Id.*

[32] *Id.*

[33] *Id.* at 236, 238, 239.

[34] *Id.* at 220. His counsel was John Martin.

The State filed a memorandum in response to jurisdiction.[35] The Court denied leave to appeal and dismissed Garrett's appeal as not involving any substantial constitutional question.[36] Garrett then filed a motion for reconsideration, which the Ohio Supreme Court denied on March 4, 2009.[37]

**E.     Federal habeas corpus petition**

*1.     The petition*

Garrett, with new counsel, then timely filed the present petition for federal habeas corpus relief, raising the following three grounds for relief:[38]

1. The guilty plea was invalid because the defendant was misadvised regarding the penalties attendant to his offense.[39]

2. The defendant was sentenced to consecutive terms of imprisonment for involuntary manslaughter and aggravated robbery despite those offenses having been greater and lesser included offenses of one another.[40]

---

[35] *Id.* at 240.

[36] *Id.* at 247.

[37] *Id.* at 252.

[38] This petition was filed June 6, 2010, exactly one year and 90 days (90 days being the time a petitioner has to petition the Supreme Court of the United States for review, *U.S. Sup. Ct. R. 13*), or 455 days after the Ohio Supreme Court denied reconsideration and thus was timely under the limitations period imposed by 28 U.S.C. §2244(d)(1). *See*, *Williams v. Wilson*, 149 F. App'x 342 (6th Cir. 2005).

[39] ECF # 1 at 5.

[40] *Id.*

    3.       Trial court violated due process by not sentencing defendant to minimum and concurrent terms of imprisonment, because such sentence was only sentence available under Ohio law without resort to judicial findings and trial court was not allowed to apply Ohio Supreme Court decision that abrogated need for such findings to a case where the offense conduct preceded the Ohio Supreme Court decision.[41]

## *2. Return of the writ*

The State filed a return of the writ.[42] In it, the State argued that (1) the trial court followed both Ohio and Constitutional law properly when sentencing Garrett;[43] (2) Garrett was properly subjected to the imposition of consecutive sentences for aggravated robbery and involuntary manslaughter;[44] and (3) Garrett's resentencing in accordance with the Ohio Supreme Court decision in *State v. Foster* did not violate the Ex Post Facto and Due Process Clauses.[45]

## *3. Traverse*

In his traverse, Garrett elected to proceed only on his second ground for relief and voluntarily withdrew his first and third grounds for relief.[46]

---

[41] *Id.*

[42] ECF # 6.

[43] *Id.* at 31.

[44] *Id.*

[45] *Id.* at 34.

[46] ECF # 8 at 1.

### *4.  Supplemental authority and response*

While this habeas claim was pending, the Ohio Supreme Court in *State v. Johnson*[47] explicitly overruled *State v. Rance*,[48] a case discussed at length by Garrett in his traverse.[49] Garrett filed supplemental authority,[50] and the State responded.[51]

The State argued (1) that *State v. Johnson* does not apply retroactively to Ohio law because the Supreme Court explicitly declared it to be prospective only, and (2) the writ still cannot issue, because the appellate court's determination that Garrett's crimes were not allied was not contrary to or an unreasonable application of clearly established federal law.[52]

## Analysis

### A.  Preliminary observations

Before proceeding to an analysis of the petition, I make the following initial observations.

---

[47] *State v. Johnson*, 128 Ohio St. 3d 153, 942 N.E.2d 1061 (2010).

[48] *State v. Rance*, 85 Ohio St. 3d 632, 710 N.E.2d 699 (1999).

[49] ECF # 8 at 7.

[50] ECF # 9.

[51] ECF # 10.

[52] *Id.* at 4.

1. There is no dispute that Garrett is in state custody as a result of his conviction by an Ohio court and was so incarcerated at the time he filed the present petition for habeas corpus relief. Garrett meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[53]

2. There is no dispute that this petition was filed timely.[54]

3. It appears that all the claims presented have been totally exhausted in Ohio courts, as required by statute.[55]

4. Garrett has not requested an evidentiary hearing[56]

**B.     Standards of review**

*1.     AEDPA review*

Under 28 U.S.C. §2254(d), where a state court has already adjudicated the merits of a claim then asserted in a federal habeas corpus petition, the federal court may issue a writ only if the state decision was either contrary to clearly established federal law as determined by the United States Supreme Court or was an unreasonable application of that law.

In applying this statute, a federal habeas court is guided by *Williams v. Taylor*.[57] In *Williams*, the Supreme Court held that a decision is "contrary to" clearly established federal

---

[53] 28 U.S.C. §2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[54] 28 U.S.C. §2244(d)(1) establishes a one-year limitations period for writs of habeas corpus from the date of final judgment in state court; *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000); *see also*, n.35.

[55] 28 U.S.C. §2254(b).

[56] 28 U.S.C. § 2254(e)(2).

[57] *Williams v. Taylor*, 529 U.S. 362 (2000).

law if "the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."[58] *Williams* further holds that a state court decision is an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."[59] A state court may also be found to have unreasonably applied clearly established federal law if it unreasonably extends or fails to extend a clearly established federal legal principle to a new context.[60]

A federal court may not find that a state court unreasonably applied clearly established federal law simply because the habeas court "concludes on its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly."[61] Rather, the state court holding may be disturbed only upon showing that it was "objectively unreasonable."[62]

---

[58] *Id.* at 412. *Accord*, *Broom v. Mitchell*, 441 F.3d 392, 398 (6th Cir. 2006).

[59] *Williams*, 529 U.S. at 413; *Broom*, 441 F.3d at 398.

[60] *Williams*, 529 U.S. at 409.

[61] *Id.* at 411.

[62] *Id.* at 409.

Finally, where a state court does not address the merits of a federal claim properly presented to it, "the deference due [a state court decision by the federal habeas court] under the AEDPA does not apply."[63]

**C.     Relevant clearly established federal law**

Three Supreme Court decisions set out the clearly established federal law that applies to Garrett's second ground for relief.

*1.     Blockburger v. United States*

In *Blockburger v. United States*, a 1932 decision, the Supreme Court articulated a test to determine whether a given offense constitutes two offenses or only one.[64] The test is "whether each provision requires proof of a fact which the other does not."[65]

*2.     Whalen v. United States*

In *Whalen v. United States* the Court considered a double jeopardy challenge to the District of Columbia statutes forbidding rape and killing in the course of rape.[66] The defendant was convicted of both.[67] The Supreme Court held in a 1980 opinion that the Double Jeopardy Clause of the Constitution prevented federal courts from sentencing a defendant to consecutive terms of incarceration unless each offense required proof of a fact

---

[63] *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003).

[64] *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

[65] *Id.*

[66] *Whalen v. United States*, 445 U.S. 684 (1980).

[67] *Id.* at 685.

-12-

which the other did not.[68] The Court applied this holding to conclude that consecutive sentences could not be imposed for rape and killing the same person in the course of rape because proving the latter requires proving all of the elements of the former.[69]

### 3. *Missouri v. Hunter*

In 1983 in *Missouri v. Hunter*, the Supreme Court again examined consecutive sentencing through the lens of the Double Jeopardy Clause.[70] The Court held that where a state legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those statutes proscribe the same conduct under *Blockburger*, such punishment is permissible under the Double Jeopardy Clause.[71] In so holding, the Court interpreted *Whalen* as a "rule of statutory construction" ... not intended as "a constitutional rule requiring courts to negate clearly expressed legislative intent."[72]

---

[68] *Id.* at 691-92. In so holding, the Court applied the rule in *Blockburger*, which it characterized as a "rule of statutory construction" (455 U.S. at 691), to decide a double jeopardy challenge to consecutive sentences or convictions under two separate statutes.

[69] *Id.* at 693-94.

[70] *Missouri v. Hunter*, 459 U.S. 359 (1983).

[71] *Id.* at 368-69.

[72] *Id.* at 368.

**D.      Application of clearly established federal law**

*1.      The Ohio courts did not unreasonably apply Blockburger.*

The court of appeals specifically considered whether involuntary manslaughter and aggravated robbery are allied offenses.[73] The court applied *State v. Preston*,[74] a case incorporating the *Blockburger* analysis. The court found that commission of one offense will not automatically result in commission of the other.[75] Under *Blockburger*, because convictions for involuntary manslaughter and aggravated robbery require finding of different facts, the two offenses cannot be allied and are two separate offenses. Therefore, the decision of the court of appeals was not an unreasonable application of *Blockburger*.

*2.      The Ohio courts did not unreasonably apply Whalen.*

The facts in *Whalen* are not analogous to Garrett's case because in *Whalen* the Supreme Court interpreted two specific statutes that under the *Blockburger* test were clearly allied offenses of similar import.[76] Here, the Ohio courts interpreted involuntary manslaughter and aggravated robbery as not being allied offenses. The state courts did not unreasonably apply *Whalen* because its clearly established federal law does not apply to the facts of Garrett's case.

---

[73] ECF # 6-2 at 238.

[74] *State v. Preston*, 23 Ohio St. 3d 64, 491 N.E.2d 685 (1986).

[75] *Id.*

[76] Rape and killing and the course of rape. *Whalen*, 445 U.S. 684.

### *3.     The Ohio courts did not unreasonably apply Hunter.*

In his traverse, Garrett seems to stop just short of arguing that the Ohio courts unreasonably applied *Hunter*.[77] In affirming Garrett's second sentence, and rejecting the same claim Garrett makes in this petition, the appellate court cited *Preston*,[78] which itself considered Ohio's multiple count statute, Ohio Revised Code § 2941.25(B).[79] That statute specifically authorizes conviction where a defendant has committed two or more dissimilar offenses.[80]

Garrett pled guilty to offenses under two different statutes.[81] Under *Hunter*, where a state legislature authorizes cumulative punishment for violation of two different statutes, such punishment does not violate the Double Jeopardy Clause.[82] Here, Ohio's multiple count statute authorizes such punishment.[83] As such, the court's application of Ohio law does not constitute unreasonable application of *Hunter*.

---

[77] Garrett mentions *Hunter* in his traverse but does not explicitly claim it was unreasonably applied. ECF # 8 at 3, 7.

[78] *Preston*, 23 Ohio St. 3d 64, 491 N.E.2d 685.

[79] Ohio Rev. Code § 2941.25.

[80] *Id.* at (B).

[81] Namely, Ohio Rev. Code § 2903.02(B) (involuntary manslaughter, with a one-year firearm specification) and Ohio Rev. Code § 2911.01 (aggravated robbery). ECF # 6-3 at 138.

[82] *Hunter*, 459 U.S. at 368-69.

[83] Ohio Rev. Code § 2941.25(B).

*4.     The decision of the Ohio Supreme Court in State v. Johnson does not require a different result.*

In holding that Garrett could be sentenced and receive consecutive sentences for involuntary manslaughter and aggravated robbery, the Ohio Court of Appeals relied[84] on the Ohio Supreme Court opinion in *State v. Rance*.[85] The Ohio Supreme Court overruled *Rance* in 2010 by its decision in *State v. Johnson*.[86]

*Johnson* does not apply retroactively to sentences that became final before its December 29, 2010, decision date.[87] Garrett's conviction became final on March 4, 2009.[88]

The clearly established federal law under *Blockburger*, *Whalen*, and *Hunter* provides that a state by statute may authorize separate sentences for allied offenses. Ohio law at the time of the sentence at issue became final, as interpreted in *Rance*, permitted separate, consecutive sentences for involuntary manslaughter and aggravated robbery. In affirming those sentences, the Ohio appellate court reasonably applied the clearly established federal law.

---

[84] ECF # 6-2 at 238-39.

[85] *Rance*, 85 Ohio St. 3d 632, 710 N.E.2d 699.

[86] *Johnson*, 128 Ohio St. 3d 153, 942 N.E.2d 1061 (2010).

[87] *State v. Champion*, No. 24782, 2012 WL 2061590, at *1 (Ct. App. 2d Dist. June 8, 2012).

[88] ECF # 6-2 at 252.

## Conclusion

The Ohio Court's decision challenged by Garrett's solitary surviving ground for relief in his petition did not constitute an unreasonable application of clearly established federal law or a ruling contrary to clearly established federal law. For these reasons, I recommend that the petition of Anthony Garrett for a writ of habeas corpus under 28 U.S.C. § 2254 be denied.

Dated:  July 18, 2012                               s/ William H. Baughman, Jr.
                                                    United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[89]

---

[89] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).