UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Anthony Garrett,** | ) | **CASE NO. 1:10 CV 1241** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Maggie Bradshaw, Warden,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

### Introduction

This matter is before the Court upon the Report and Recommendation of Magistrate Judge William Baughman, Jr. (Doc. 11) which recommends denial of the pending Petition for Writ of Habeas Corpus. For the following reasons, the recommendation is ACCEPTED.

### Standard of Review

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation."

1

**Discussion**

Petitioner's one ground for habeas relief challenges his sentence to consecutive terms of imprisonment for involuntary manslaughter and aggravated robbery. Petitioner maintains that the two offenses should not have been subject to multiple punishment because they are allied offenses.

The Magistrate Judge concluded that the Ohio courts did not unreasonably apply clearly established federal law in finding that the two offenses were not allied because convictions for involuntary manslaughter and aggravated robbery require findings of different facts. Petitioner asserts that the Magistrate erred because while involuntary manslaughter requires proof of one more fact (i.e., the death of the victim), aggravated robbery requires proof of no additional facts. In other words, involuntary manslaughter incorporates all the elements of aggravated robbery. Therefore, *each* of the two offenses do not require proof of different facts than does the other as required under the applicable federal caselaw. Each does not require proof of an element not required for the other.

The Court does not find petitioner's argument persuasive. Although petitioner contends that in his case, the involuntary manslaughter was simply an aggravated robbery with an additional element (i.e., someone died), the offenses do require proof of an element that the other does not. Aggravated robbery, unlike involuntary manslaughter, does not require that the victim be killed, and aggravated robbery requires a theft offense, whereas involuntary manslaughter does not. Therefore, the offenses are not allied.

**Conclusion**

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's

Report and Recommendation, the Petition for Writ of Habeas Corpus is denied. Furthermore, for the reasons stated herein and in the Report and Recommendation, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

    IT IS SO ORDERED.

                                      /s/ Patricia A. Gaughan  
                                      PATRICIA A. GAUGHAN  
                                      United States District Judge

Dated: 9/4/12